did not abuse its discretion by excluding both the evidence and Adeyinka's requested jury instructions.

### B. Acceptance of Responsibility Sentence Reduction

■ Challenging factual guilt disqualifies defendants from seeking an acceptance of responsibility sentence reduction. There are a few exceptions for those defendants who do accept responsibility but go to trial on issues unrelated to factual guilt. U.S.S.G. § 3E1.1. Although Adeyinka readily admitted he refused to cooperate with immigration officials, he continued to challenge his factual guilt under the statute. Therefore, the district court's denial of a sentence reduction was not clearly erroneous. For instance, this court stated in *United States v. Brace*, 145 F.3d 247, 265 (5th Cir.1998) (en banc), a case where defendant sought a sentence reduction after seeking to negate mens rea at trial that "although the defendant admitted committing the criminal acts, his assertion of entrapment was a denial of factual guilt, because it is a denial of subjective predisposition and, consequently, of the required element of mens rea." *Brace*, 145 F.3d at 265.

### IV. CONCLUSION

For the foregoing reasons, we AFFIRM the district court's exclusion of evidence regarding Adeyinka's mental state while he knowingly violated the statute, denial of his requested jury instructions, and denial of the motion for an acceptance of responsibility sentence reduction.

AFFIRMED.

---

UNITED STATES of America, Plaintiff–Appellee,

v.

Jaime MARTINEZ–MONTOYA, Defendant–Appellant.

No. 06–50375
Conference Calendar.

United States Court of Appeals, Fifth Circuit.

Nov. 9, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Philip J. Lynch, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

PER CURIAM: *

Appealing the Judgment in a Criminal Case, Jaime Martinez–Montoya raises arguments that are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

Orlando **GONZALEZ–AGUILAR,** also known as **Roberto Figueroa–Figueroa,** also known as **Roberto Alcantana,** also known as **Orlando Gonzalez,** Defendant–Appellant.

No. 06–50379
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 2006.

Joseph H. Gay, Jr., Assistant U.S. Attorney, U.S. Attorney's Office Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

Judy Fulmer Madewell, Federal Public Defender's Office Western District of Texas, San Antonio, TX, for Defendant–Appellant.

Before BARKSDALE, DeMOSS, and PRADO, Circuit Judges.

---

\* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under

PER CURIAM: \*

Appealing the Judgment in a Criminal Case, Orlando Gonzalez–Aguilar raises arguments that are foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), which held that 8 U.S.C. § 1326(b)(2) is a penalty provision and not a separate criminal offense. The Government's motion for summary affirmance is GRANTED, and the judgment of the district court is AFFIRMED.

**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

Edgar **FLORES–MARTINEZ,** also known as **Juan Carlos Camacho–Rodriguez,** Defendant–Appellant.

No. 06–50371
Conference Calendar.

United States Court of Appeals,
Fifth Circuit.

Nov. 9, 2006.

Joseph H. Gay, Jr, Assistant U.S. Attorney, U.S. Attorney's Office, Western District of Texas, San Antonio, TX, for Plaintiff–Appellee.

M. Carolyn Fuentes, Federal Public Defender's Office, Western District of Texas, San Antonio, TX, for Defendant–Appellant.

the limited circumstances set forth in 5TH CIR. R. 47.5.4.